**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**ROBERT COX,
ADC #90739**                                                                                    **PLAINTIFF**

v.                                        No. 2:12-cv-61 KGB/JTR

**RAY HOBBS, Director,
Arkansas Department of Correction;
and DR. YEE YANG**                                                                            **DEFENDANTS**

## ORDER OF PARTIAL DISMISSAL

Plaintiff Robert Cox is a prisoner in the Arkansas Department of Correction ("ADC"). He has filed this *pro se* § 1983 action alleging that defendant Dr. Yee Yang failed to provide him with constitutionally adequate dental care and that defendant Ray Hobbs failed to correct that problem (Dkt. Nos. 2, 6, and 7). Dr. Yang has moved for summary judgment (Dkt. No. 21), Mr. Cox has responded (Dkt. No. 30), and Dr. Yang has replied (Dkt. No. 31). Mr. Hobbs has not joined in the motion. For the reasons discussed below, Dr. Yang's motion is granted.

**I.      Summary Judgment Standard**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The initial burden is on the moving party to demonstrate the absence of a genuine dispute of material fact. *Id.* at 323. The burden then shifts to the non-moving party to establish by "specific facts" that there is a genuine dispute for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to

return a verdict for either party." *Miner v. Local* 373, 513 F.3d 854, 860 (8th Cir. 2008). An issue of fact is material only if it could affect the outcome of the case under governing law. *Anderson*, 477 U.S. at 250.

## II. Analysis

Dr. Yang argues that she should be dismissed as a defendant because Mr. Cox failed to fully and properly exhaust his administrative remedies against her. That argument is well taken.

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Additionally, the Supreme Court has emphasized that "the level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90–91. Thus, to

satisfy the PLRA, a prisoner must fully comply with the specific procedural requirements of the incarcerating facility. *Id.*

To fully exhaust administrative remedies about a medical problem, an ADC prisoner must: (1) file an informal resolution with the problem solver; (2) file a grievance with the Health Services Administrator, if the attempt at informal resolution is unsatisfactory; and (3) appeal the denial of that grievance to the ADC Deputy Director for Health and Correctional Programs (Dkt. No. 23, Ex. A, ADC Adm. Dir. 10-32 § IV).

In this case, it is undisputed that Mr. Cox did not fully exhaust his administrative remedies regarding the alleged lack of adequate dental care (Dkt. Nos. 23, 27, and 31). The parties agree that Mr. Cox filed several informal resolutions about his dental care. However, Mr. Cox has not submitted any evidence that he proceeded to the next two steps by filing a grievance or an appeal.

Mr. Cox explains that he did not do so because the problem solvers did not timely respond to his informal resolutions, some of which he labeled as "emergencies." However, in many instances, the problem solvers did not agree with Mr. Cox's emergency designations. More importantly, the ADC exhaustion process specifically provides that a prisoner may proceed to the next step if he does not timely receive a response to his informal resolutions or grievances (Dkt. No. 23, Ex. A, ADC Admin. Dir. 10-32 § IV(E)(11) and (F)(8)). Mr. Cox did not do so.

Mr. Cox also argues that prison officials violated the ADC exhaustion policy by not assigning a number and date to each of his informal resolutions. However, the ADC exhaustion policy only requires such designation when a prisoner files a grievance, after his informal resolution is denied (Dkt. No. 23, Ex. A, ADC Admin. Dir. 10-32 § IV(F)(3)). As previously explained, Mr. Cox did not file any grievances after his informal resolutions were denied. Furthermore, any alleged

failure to assign a number or date did not in any way prevent Mr. Cox from proceeding to the next step and fully exhausting his administrative remedies.

### III.     Conclusion

Mr. Cox failed to exhaust fully and properly his administrative remedies against Dr. Yang. Thus, Dr. Yang's motion for summary judgment (Dkt. No. 21) is granted, and she is dismissed from this lawsuit without prejudice.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Partial Dismissal would not be taken in good faith.

SO ORDERED this 19th day of October, 2012.

*[signature: Kristine G. Baker]*

Kristine G. Baker
United States District Judge