## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**ROBERT COX,**
**ADC #90739**                                                                        **PLAINTIFF**

**v.**                                  **No. 2:12CV00061 KGB/JTR**

**RAY HOBBS, Director,**
**Arkansas Department of Correction;**
**and DR. YEE YANG**                                                          **DEFENDANTS**

<u>**ORDER**</u>

Plaintiff Robert Cox was formerly a prisoner in the Arkansas Department of Correction ("ADC"). In this *pro se* 42 U.S.C. § 1983 action, he alleges that defendant Dr. Yee Yang failed to provide him with constitutionally adequate dental care and that defendant Ray Hobbs failed to correct that problem (Dkt. Nos. 2, 6, and 7). On October 19, 2012, the Court granted summary judgment to Dr. Yang, because Mr. Cox failed to exhaust his administrative remedies against her (Dkt. No. 34). Mr. Hobbs has recently moved for summary judgment for the same reason (Dkt. Nos. 35, 36, and 37), and Mr. Cox has responded (Dkt. Nos. 39 and 40). For the reasons discussed below, Mr. Hobbs's motion is granted.

### I.      Summary Judgment Standard

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The initial burden is on the moving party to demonstrate the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. The burden then shifts to the non-moving party to establish by "specific facts" that there is a genuine dispute for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585-86 (1986). "The evidence of the non-movant is to be

believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party." *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). An issue of fact is material only if it could affect the outcome of the case under governing law. *Anderson*, 477 U.S. at 250.

## II.    Analysis

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to (1) fully and properly exhaust their administrative remedies as to each claim in the complaint and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90–91. Thus, to satisfy the PLRA, a prisoner must fully comply with the specific procedural requirements of the incarcerating facility. *Id.*

To exhaust fully administrative remedies regarding a corrective inaction claim against a

prison official, an ADC prisoner must:  (1) file an informal resolution with the problem solver; (2) file a grievance with the Warden, if the attempt at informal resolution is unsatisfactory; and (3) appeal the denial of that grievance to the ADC Assistant Director (Dkt. No. 37, Ex. A, ADC Adm. Dir. 10-32 § IV).  Additionally, the ADC exhaustion process requires prisoners to specifically name each individual involved in the dispute (*Id.*, ADC Adm. Dir. 10-32 § IV(c)(4) and (e)(2)).

As discussed in the October 19, 2012 Order (Dkt. No. 40), Mr. Cox began—but did not finish—the steps required by the incarcerating facility to complete the exhaustion process regarding his *inadequate dental care* claim against Dr. Yang.  In contrast, Mr. Cox did not even begin these steps of the exhaustion process in regard to his *corrective inaction* claim against Mr. Hobbs.  Specifically, it is undisputed that Mr. Cox did not file any informal resolutions or grievances alleging that Mr. Hobbs was aware that he was receiving inadequate dental care but failed to take corrective action.

### III.    Conclusion

Mr. Cox has failed to exhaust his administrative remedies against Mr. Hobbs.  Thus, Mr. Hobbs's motion for summary judgment (Dkt. No. 35) is granted, and this case is dismissed without prejudice.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal would not be taken in good faith.

SO ORDERED this 4th day of April, 2013.

_Kristine G. Baker_
_____
Kristine G. Baker
United States District Judge